EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* LUIS TORRES ESTRADA, demandado y peticionario.

*Número:* O-81-608      *Resuelto:* 15 de marzo de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Ricardo Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo; *Juan M. Cruz Rivera,* abogado del demandado-recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El aquí peticionario fue convicto de infracción del Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401, por vender, según alega su petición, media onza de marihuana por $25. Fue sentenciado a una pena de seis a nueve años de prisión y se le negó, luego de un informe "pre-sentencia", su solicitud de que se le permitiera cumplir la pena bajo el régimen de sentencia suspendida.

Solicitó reconsideración mediante moción en que alegó ser menor de edad en la fecha en que ocurrieron los hechos delictivos, no tener antecedentes criminales y gozar de buena reputación en la comunidad, lo que acreditó mediante declaraciones juradas de vecinos. Solicitó, además, que se le informaran "los aspectos negativos del mencionado informe", expresando que "no se pretendía que le señalara personas particulares que habían arrojado información considerada" para la denegación de los beneficios de una sentencia suspendida. Dicha solicitud fue denegada de plano.

Insistió nuevamente el peticionario, en su solicitud de reconsideración, exponiendo que "existen razones, elementos y circunstancias adicionales, que de ser debidamente tomadas en consideración, tanto por el Oficial Probatorio como por el Tribunal, lo harían merecedor de una sentencia suspendida". Concluyó con la súplica "que no [se] deniegue de plano esta solicitud y que por el contrario, ordene la celebración de una vista en donde pueda llevar al Tribunal la prueba necesaria para mover su discreción y su sentido de justicia; y que a la luz de la prueba aportada,

ordene una re-investigación del caso por el Oficial Probatorio". El tribunal de instancia también rechazó de plano esta segunda moción.

El acusado nos solicitó *certiorari*. Por resolución de 25 de noviembre de 1981 concedimos plazo al Procurador General para expresar su posición. Lo hizo en escrito de 13 de enero de 1982 en que se opone a la petición. Argumenta, en síntesis, que el propio peticionario hizo alusión a la naturaleza confidencial del informe del Oficial Probatorio en su primera moción de reconsideración; que la concesión de los beneficios de una sentencia suspendida es discrecional del tribunal sentenciador; y, que ni el Art. 59 del Código Penal (1974) ni la Regla 162.1 de Procedimiento Criminal pueden ser invocadas en beneficio del peticionario. Respecto a esto último, cita el Procurador nuestra decisión en *Pueblo* v. *Bou Nevárez*, 111 D.P.R. 179 (1981). Resolvemos sin más trámite, conforme lo autoriza la Regla 50 de nuestro Reglamento.

Ciertamente, la concesión de los beneficios del régimen de sentencia suspendida a un convicto de delito descansa en la sana discreción del juez sentenciador. Pero esa discreción será mejor ejercitada cuanto mejor informado esté el juez sobre las circunstancias del delito cometido y sobre las condiciones personales del convicto. En el presente caso el juez se negó repetidamente a conocer y considerar la información que respecto a su persona le ofreció el aquí peticionario. El clamor de este joven, delincuente convicto por hechos ocurridos cuando aún no había alcanzado su mayoridad, basado en su ofrecimiento de probar su buena reputación y el aprecio de su comunidad, y la naturaleza del delito cometido, no debió ser despachado sin oportunidad de ser oído. Después de todo, lo que está en juego es el más sagrado de todos los derechos del ser humano: el derecho a la libertad.

El peticionario, conforme a la Regla 162.1 de Procedimiento Criminal, reconoció la naturaleza limitada de la

prerrogativa que dicha regla concede a todo acusado al disponer que:

> El tribunal dará acceso a los informes pre-sentencia a los acusados o peticionarios, a sus abogados y al ministerio fiscal, a los fines de que éstos puedan ser controvertidos mediante la presentación de prueba.
>
> Sólo se mantendrá como confidencial aquella información que hubiere sido prestada por personas particulares a quienes se les hubiere ofrecido dicha garantía.

En *Pueblo* v. *Bou Nevárez*, ya citado, expusimos la trayectoria legislativa en relación con la vigencia del Art. 59 del Código Penal (1974) y de la citada Regla 162.1. Allí reconocimos la importancia del derecho del acusado convicto a conocer el informe pre-sentencia como parte del debido proceso de ley, y la necesidad de armonizar ese derecho con la necesidad de proteger las fuentes de información del Estado y la seguridad de ciertos informantes, a cuyo intento se dirige la citada Regla 162.1.

A diferencia de *Bou Nevárez*, en el caso ante nos estaba vigente la citada regla cuando se le sentenció, al comenzar a regir conjuntamente con la Ley que estableció el Sistema de Sentencias Determinadas en Puerto Rico. Véase la Ley Núm. 103 de 4 de junio de 1980, en su Sec. 3. La Ley de Sentencias Determinadas rige desde el 3 de marzo de 1981, es decir, nueve meses después de su aprobación el 4 de junio de 1980. Ley Núm. 100 de 4 de junio de 1980, en su Sec. 4.

Notamos que mientras que el Art. 59 del Código Penal, que requiere un informe pre-sentencia en toda convicción por delito grave, no regirá hasta el 22 de julio de 1983 por así disponerlo la Ley Núm. 8 de 9 de junio de 1981, la Regla 162.1 de Procedimiento Criminal, que regula lo concerniente a dicho informe, rige desde el 3 de mayo de 1981, según indicáramos. No podríamos ampararnos en el argumento de que se trata de una inadvertencia del

legislador frente a la naturaleza del derecho que nos ocupa. Es nuestra obligación armonizar, si posible, la aparente contradicción. Nos parece que ello es factible si consideramos que el Art. 59 se refiere específicamente al informe antes de que se pronuncie la sentencia contra el acusado, haciéndolo mandatorio para delitos graves y discrecional para delitos menos graves, mientras que la Regla 162.1, por su relación con otras disposiciones, puede interpretarse que aplica al informe que es requerido del Oficial Probatorio para la determinación sobre si se concede al acusado el beneficio de suspender los efectos de la sentencia impuesta. El requisito de un informe previo a la concesión del beneficio de sentencia suspendida fue establecido por la Ley Núm. 259 de 23 de abril de 1946, enmendada, Art. 2 (34 L.P.R.A. sec. 1027).

En este contexto, y bajo las restricciones que el propio peticionario propuso de que no se le dé a conocer la identidad de los informantes, debió permitírsele acceso a las razones que mediaron para la negativa de suspenderle los efectos de la sentencia impuesta, y permitírsele demostrar ser acreedor a esa gracia.

En mérito de lo expuesto *se expedirá el auto y se ordenará que por el tribunal de instancia se proceda de conformidad con lo aquí expresado.*

El Juez Asociado Señor Torres Rigual concurre en el resultado. El Juez Asociado Señor Díaz Cruz disiente, porque a su juicio la disposición final del caso violenta la garantía de confidencialidad de la Regla 162.1 de Procedimiento Criminal, que comprende no sólo el nombre de los informantes, sino el contenido de la información, porque hay casos en que éste puede revelar al convicto la identidad del informante con tanta eficacia como si le dieran su nombre y apellido.