JUAN B. HERNÁNDEZ CUEVAS, apelante, *v.* PRESIDENTE de la JUNTA DE LIBERTAD BAJO PALABRA, apelado.

*Número:* CE-87-28    *Resuelto:* 31 de enero de 1989

Cándida Valdespino Zapata y Carmen Ana Rodríguez Maldonado, de la Sociedad para Asistencia Legal, División de Apelaciones, abogadas del apelante; Norma Cotti Cruz, Subprocuradora General, y Rose Mary Corchado Lorent, Procuradora General Auxiliar, abogadas del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El apelante fue convicto por tentativa de robo e infracción a la Ley de Armas de Puerto Rico. Se le concedió la libertad bajo palabra el 22 de diciembre de 1976, la cual quedaría extinguida el 6 de octubre de 1982. Por alegadas violaciones a las condiciones de su libertad bajo palabra, el 10 de enero de 1980 se expidió orden de arresto contra el apelante. Tras recibir información de que el apelante se encontraba sumariado en el estado de Illinois, la Junta de Libertad Bajo

Palabra (Junta) procedió a expedir un "Warrant for Retaking and Detaining a Parole Prisoner" a la dirección indicada en Chicago, Illinois. Luego de una serie de trámites entre las autoridades del estado de Illinois y el Departamento de Justicia de Puerto Rico en relación con la orden de arresto, éste último solicitó a las autoridades de Illinois que verificaran si el apelante Sr. Juan B. Hernández Cuevas se encontraba detenido en su jurisdicción. Mediante carta del Fiscal Auxiliar del estado de Illinois se informó que el apelante se encontraba detenido en Illinois en espera de juicio por el delito de asesinato. El apelante fue puesto en libertad por las autoridades del estado de Illinois el 5 de mayo de 1983, luego de que las acusaciones en su contra fueran desestimadas. Permaneció en Chicago y tres (3) años más tarde, a su regreso a Puerto Rico, obtuvo conocimiento de la orden de arresto en su contra emitida en enero de 1980. Acudió voluntariamente al Cuartel de la Policía de San Sebastián y fue ingresado en la Cárcel de Aguadilla el 11 de abril de 1986.

El 2 de mayo de 1986 el apelante fue notificado de la celebración de una vista de revocación de libertad bajo palabra a efectuarse el 5 de junio de 1986. Como razones para la revocación de la libertad bajo palabra, se le imputó la violación de las condiciones Núms. 8 y 9: evadirse de la jurisdicción y cometer hechos constitutivos de delito público.

El 5 de junio el apelante no fue trasladado a las oficinas de la Junta, razón por la cual hubo de suspenderse la vista señalada. Se fijó la fecha de 18 de julio para celebrar la misma. No obstante, ese día tampoco pudo celebrarse la vista debido a la incomparecencia del abogado de la Sociedad para Asistencia Legal, causada por la negativa del encargado del estacionamiento de la Junta de permitir la entrada al abogado.

A todo esto, el apelante presenta, en julio de 1986, una petición de hábeas corpus por derecho propio ante el Tribunal Superior de Aguadilla. Alegó que procedía su excarcela-

ción por razón de haber transcurrido ciento diecinueve (119) días sin habérsele celebrado vista de investigación de querella ante la Junta. La vista de este hábeas corpus se celebró el 8 de agosto y el Presidente de la Junta informó al tribunal las razones para no haber celebrado la vista de revocación, esto es, la ausencia del apelante en la vista de 5 de junio y la ausencia del abogado de la Sociedad para Asistencia Legal el 18 de julio. Informó que la vista habría de celebrarse el 12 de agosto. Mediante Sentencia de 11 de agosto de 1986, el tribunal declaró sin lugar el recurso de hábeas corpus.

En la vista de revocación celebrada el 12 de agosto de 1986 el apelante aceptó haberse evadido de la jurisdicción. No obstante, solicitó que se desistiera del cargo de violación a la condición Núm. 9 por razón de que los cargos en su contra por asesinato habían sido desestimados. El Oficial Examinador recomendó que se le revocara la libertad bajo palabra. La Junta no emitió decisión alguna en ese momento.

Posteriormente, el apelante presentó ante la Junta un escrito de "Petición de Excarcelación y Moción Informativa". Alegó que la Junta carecía de jurisdicción. Dicha moción no fue resuelta por la Junta. El 20 de octubre el apelante presentó una segunda petición de hábeas corpus. La misma fue declarada sin lugar el 24 de octubre. El apelante presentó una reconsideración, la cual también fue declarada sin lugar. Recurre ante nos.

En su escrito de apelación señala los errores siguientes:

A- Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Reconsideración de H[á]beas Corpus no obstante el señalamiento de que la Junta de Libertad Bajo Palabra carecía de jurisdicción para revocar la libertad de que disfrutaba el aquí demandante y que los hechos aducidos por la Junta en la vista no correspondía[n] a la realidad del caso.

B- Erró el Honorable Tribunal de Instancia al no excarcelar al peticionario, quien se encuentra detenido ilegalmente.

C- Erró el Honorable Tribunal de Instancia al determinar que la Junta cumplió con los requisitos de ley en los procedi-

mientos de revocación de libertad bajo palabra. Escrito de Apelación, pág. 2.

Estando en posición de resolver, así lo hacemos.

I

El Art. 5 de la Ley Núm. 118 de 22 de julio de 1974 (4 L.P.R.A. sec. 1505) disponía, en torno al procedimiento de revocación de libertad bajo palabra, que la Junta o cualquiera de sus miembros estaría autorizado a ordenar el arresto y reclusión de un liberado si de la previa investigación preliminar de la Administración de Corrección surgía prueba de infracción a alguna condición de la libertad bajo palabra.

A su vez, disponía que:

*La Junta deberá, dentro de los sesenta (60) días a partir de la fecha del arresto del liberado, practicar una investigación y solicitar el informe de evaluación de la Administración de Corrección sobre la alegada violación a las condiciones de la libertad bajo palabra.*

Antes de determinar si procede o no la revocación de la libertad bajo palabra, la Junta notificará por escrito al liberado, con por lo menos diez (10) días de anticipación a la fecha señalada para la investigación, los hechos que se le imputan como causa para la revocación y dará a éste la oportunidad de comparecer representado por abogado a exponer las razones por las cuales no deba revocársele la libertad bajo palabra. En caso de que el liberado no tenga abogado, la Junta obtendrá que se le asigne uno.

*Si la Junta no celebrare la investigación dentro del término fijado en esta sección, el liberado será puesto en libertad inmediatamente, previa orden al efecto expedida por el Presidente de la Junta o por la persona que esté actuando por él. La alegada infracción a la libertad bajo palabra se considerará como no cometida si, transcurridos noventa (90) días desde la excarcelación del liberado, la Junta no celebra la investigación y revoca la libertad bajo palabra.* (Énfasis suplido.) 4 L.P.R.A. sec. 1505.

En *Maldonado Elías v. González Rivera*, 118 D.P.R. 260 (1987), examinamos dicho procedimiento de revocación de libertad bajo palabra a la luz de las garantías constitucionales mínimas reconocidas por el Tribunal Supremo federal en los casos de *Morrissey v. Brewer*, 408 U.S. 471 (1972), y por este Tribunal en *Martínez Torres v. Amaro Pérez*, 116 D.P.R. 717 (1985).(1) Así, resolvimos en *Maldonado Elías v. González Rivera*, supra, págs. 268–269, que:

> Lo que se exige es la celebración de una vista, prontamente, luego de su arresto y *antes* de que se tome la determinación *final* o concluyente de revocar el beneficio de libertad bajo palabra o probatoria.
>
> Reiteramos que existe en Puerto Rico un procedimiento válido para la revocación de la libertad bajo palabra. 4 L.P.R.A.

---

(1) En *Martínez Torres v. Amaro Pérez*, 116 D.P.R. 717, 724–725 (1985), caso bajo el sistema de libertad a prueba, resolvimos que:

". . . una vez el Estado concede este 'derecho limitado' no puede cancelarlo con abstracción total de las normas básicas constitucionales aplicables en esta etapa *post sentencia*. Con todas las limitaciones que esta libertad condicionada representa, no puede negarse que estamos ante un valor fundamental acreedor de protección tanto por nuestra Constitución como por la de Estados Unidos. *Pueblo v. Vélez*, [76 D.P.R. 142 (1954)]; *Román v. Delgado*, 82 D.P.R. 598 (1961); *Pueblo v. Torres Estrada*, 112 D.P.R. 307 (1982); *Vázquez v. Caraballo*, 114 D.P.R. 272 (1983). Véanse *Gagnon v. Scarpelli*, [411 U.S. 778 (1973),] y *Morrissey v. Brewer*, [443 F.2d 942 (1971)]. En suma, no puede privarse a una persona de su libertad absoluta o limitada sin cumplirse con los requisitos mínimos del debido proceso de ley que corresponden a este momento.

"La armonización de este derecho con el no menos importante interés de la 'debida seguridad de la comunidad' plasmado en nuestra ley, aunque compleja, no es imposible.

. . . . . . . . .

"Bajo este enfoque, las garantías mínimas que el debido proceso de ley exige al amparo de la Constitución federal para revocar los beneficios de libertad bajo palabra o sentencia suspendida son: (1) una vista preliminar para determinar si hay causa probable para creer que el probando ha violado las condiciones de su probatoria, y (2) una vista final antes de la decisión definitiva sobre si la probatoria será revocada. Advertimos, sin embargo, que no es necesario celebrar la primera vista (preliminar) cuando, durante el trámite de solicitud de revocación, no se arresta ni encarcela al probando. *Moody v. Daggett*, 429 U.S. 78, 86–87 (1976); *Petition of Me[i]dinger*, 539 P.2d 1185, 1190 (1975); *Pearson v. State*, 241 N.W.2d 490, 492–493 (1976)."

sec. 1501 y ss. Éste ha sido citado con aprobación en el caso *Martínez Torres v. Amaro Pérez*, supra, pág. 727 n. 6. Allí se mencionó que el mismo incluye ambas garantías constitucionales mínimas tales como notificación y vista. El trámite estatutario confiere a la Junta la facultad para ordenar la investigación preliminar, ordenar el arresto sumario y dilucidar finalmente en una vista el hecho de la violación a las condiciones fijadas en la orden que concedió la libertad, y luego decidir si dicha violación amerita revocar la orden anterior. Estos requisitos unidos a las salvaguardas establecidas en *Martínez Torres v. Amaro Pérez*, supra, protegen adecuadamente los derechos constitucionales de aquel que ha recibido los beneficios de la libertad bajo palabra.

El citado Art. 5 de la Ley de Libertad Bajo Palabra, *supra*, fue enmendado por la Ley Núm. 2 de 26 de febrero de 1987. La Exposición de Motivos de dicha ley dispone:

La Ley Núm. 118 de 22 de julio de 1974 que crea la Junta de Libertad Bajo Palabra establece un procedimiento para revocar los beneficios de libertad bajo palabra. El mismo incluye garantías constitucionales mínimas tales como notificación y vista. No obstante, es preciso se revise dicho procedimiento para, a la luz de las doctrinas jurisprudenciales, llenar las lagunas existentes en nuestro esquema legislativo y reconocer plenamente los requisitos del debido proceso de ley que corresponden a este momento.

El Tribunal Supremo Federal en los casos de *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), y *Morrisey* [sic] v. *Brewer*, 408 U.S. 471 (1972), determinó que un probando tiene derecho a dos vistas, una preliminar al momento de su detención y arresto, para determinar si existe causa probable de que haya violado su probatoria, y otra vista, más abarcadora, antes de la determinación de revocación final. El Tribunal Supremo de Puerto Rico en el caso de *Martínez Torres* v. *Amaro Pérez*, decidido el 17 de diciembre de 1985 [116 D.P.R. 117 (1985)], señaló que ante un valor tan fundamental como la libertad, el Estado no puede negarse a conceder la protección que garantiza la Constitución. Así se siguió la norma establecida en *Gagnon* v. *Scarpelli* y *Morrisey* [sic] v. *Brewer*, supra.

Esta medida va encaminada a establecer un procedimiento que cumpla a cabalidad con las normas constitucionales del debido proceso de ley. 1987 Leyes de Puerto Rico 7–8.

■ El actual Art. 5 de la Ley de Libertad Bajo Palabra, según enmendado, dispone, con relación a las vistas de revocación, lo siguiente:

Se celebrará una vista sumaria inicial ante un oficial examinador designado por la Junta dentro del término más breve posible, que en circunstancias normales no debe exceder de setenta y dos (72) horas a partir del momento del arresto y reclusión del liberado, para determinar si existe causa probable para que el liberado continúe recluido hasta que la Junta emita la decisión final. El liberado tendrá la oportunidad de ser oído y presentar prueba a su favor. Podrá, a su vez, confrontar el oficial que preparó el informe preliminar y a los testigos adversos disponibles en la investigación preliminar. El oficial examinador decidirá, dependiendo de las circunstancias particulares de cada caso, la necesidad de mantener en el anonimato, por razón de seguridad personal, a las personas entrevistadas por el oficial que preparó el informe preliminar.

. . . . . . . .

La Junta deberá celebrar una vista final para determinar si procede la revocación de la libertad bajo palabra, dentro de los sesenta (60) días a partir de la fecha del arresto del liberado. Este término podrá ser prorrogado por justa causa o a solicitud del liberado. Antes de la celebración de dicha vista la Junta deberá practicar una investigación y solicitar el informe de evaluación de la Administración de Corrección sobre la alegada violación a las condiciones de la libertad bajo palabra.

. . . . . . . .

La Junta podrá consolidar ambas vistas si la vista inicial se suspendiera a petición o por causas atribuibles al liberado, a solicitud de su abogado, o cuando no se solicite o no se logre obtener el arresto y encarcelación del liberado. En esta última circunstancia la vista final de revocación definitiva se señalará mediante notificación con no menos de treinta (30) días de antelación.

Si la Junta no celebrare la vista final dentro del término fijado en este artículo, el liberado será puesto en libertad in-

mediatamente, previa orden al efecto expedida por el Presidente de la Junta o por la persona que esté actuando por él. La alegada infracción a la libertad bajo palabra se considerará como no cometida si transcurridos noventa (90) días desde la excarcelación del liberado, la Junta no celebra la vista final y revoca la libertad bajo palabra. 1987 Leyes de Puerto Rico 10–11.

No obstante lo anterior, al momento de llevarse a cabo los procedimientos de revocación de la libertad bajo palabra del apelante señor Hernández Cuevas, el Art. 5 de la Ley Núm. 118, *supra*, sólo requería, como garantías mínimas del debido proceso de ley, la notificación y la celebración de una sola vista de investigación antes de determinar si procedía o no la revocación de la libertad bajo palabra. Sin embargo, dicho artículo requería que la vista se celebrara dentro de los términos allí provistos y que, de permanecer el liberado encarcelado luego de su arresto, la vista de investigación *debía* celebrarse dentro de los sesenta (60) días del arresto de éste. De no celebrarse la vista dentro de ese término, el liberado *sería* puesto en libertad *inmediatamente* por orden del Presidente de la Junta. Más aún, si transcurridos noventa (90) días de la excarcelación del liberado no se celebraba la vista y se le revocaba la libertad bajo palabra, la infracción a la libertad bajo palabra se consideraría como no cometida. La Junta venía obligada, para cumplir con las garantías mínimas del debido proceso de ley reconocidas en *Morrissey v. Brewer*, supra, y *Gagnon v. Scarpelli*, 411 U.S. 471 (1972), a cumplir cabalmente con el procedimiento dispuesto en el Art. 5 de la ley, *supra*, esto es, celebrar una vista *prontamente* después del arresto y antes de revocar finalmente la libertad bajo palabra. La Junta no cumplió con dicho procedimiento. El apelante fue encarcelado el 11 de abril de 1986. Correspondía a la Junta celebrar la vista de investigación dentro de los sesenta (60) días del arresto del liberado. No obstante, dicha vista no llegó a celebrarse sino hasta el 12 de

agosto de 1986, pasados aproximadamente ciento veinte (120) días del arresto del liberado. La Junta venía obligada a poner en libertad al apelante luego de pasados sesenta (60) días de su arresto sin celebrarle la vista de revocación, esto independientemente de las circunstancias que impidieron la celebración de dicha vista. Luego de excarcelar al liberado, cosa que la Junta no hizo, la Junta tenía noventa (90) días adicionales para celebrar la vista y *revocar la libertad bajo palabra.* La Junta no sólo no excarceló al apelante pasados los sesenta (60) días de su arresto, sino que luego de celebrada la vista no fue hasta el 12 de septiembre de 1986 que la Junta decidió revocarle la libertad bajo palabra al apelante, esto es, luego de ciento cincuenta y tres (153) días de su encarcelamiento. Al momento de revocar la libertad bajo palabra, la Junta carecía de jurisdicción, ya que habían transcurrido los ciento cincuenta (150) días que la ley le confiere a la Junta para celebrar la vista y revocar la libertad bajo palabra. Pasado este término sin habérsele revocado la libertad bajo palabra, las infracciones a ésta se considerarían como no cometidas y el apelante podía seguir disfrutando de su libertad bajo palabra. Procedía la excarcelación del apelante y el archivo de los cargos por infracción a las condiciones de libertad bajo palabra.

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.