TEXTO COMPLETO DE LA RESOLUCION
Contra el peticionario, Sr. Douglas R. Mendoza, el Ministerio Público presentó pliego acusatorio imputándole tres cargos por violación al artículo 9 de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. 8 419 (portación de partes de armas de fuego), y un cargo por violación al Artículo 401 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. 8 2401 (posesión ilegal de narcóticos con intención de distribuir).
En virtud de una alegación pre-acordada el Ministerio Público solicitó el archivo de dos de los tres cargos por infracción al Artículo 9 de la Ley de Armas, supra, y redujo el cargo por violación al Artículo 401 de la Ley de Sustancias Controladas, supra, al cargo de violación al Artículo 406 de la referida ley. Además recomendó una pena de reclusión de ocho años por la violación al Artículo 406 de la Ley de Sustancias Controladas, supra, y de un año de reclusión por violación al Artículo 9 de la Ley de Armas, supra, a ser cumplidas de forma concurrente. También recomendó que se le concediere al peticionario los beneficios de sentencia suspendida. El peticionario fue referido para informe *1119 pre-sentencia. De tal forma el peticionario hizo alegación de culpabilidad por un cargo de violación al Artículo 9 de la Ley de Armas, supra, y por un cargo de violación al Artículo 406 de la Ley de Sustancias Controladas, supra, 24 L.P.R.A. 6 2406.
La alegación pre-acordada fue aprobada por el Tribunal y se le refirió al oficial probatorio para que preparase el informe pre-sentencia.
En el acto de pronunciamiento de sentencia, previo al examen del informe pre-sentencia rendido por el oficial probatorio, el Tribunal impuso al peticionario una pena de ocho años de reclusión por el cargo de violación al Artículo 406 de la Ley de Sustancias Controladas, supra, y un año de cárcel por el cargo de violación al Artículo 9 de la Ley de Armas, supra, a ser cumplidas en forma concurrente. Aún y cuando resultó favorable el informe del oficial probatorio, el Tribunal denegó al peticionario los beneficios de sentencia suspendida. Como fundamento para tal denegatoria el ilustrado foro de instancia indicó que existía un informe confidencial vinculando al peticionario con una organización criminal; informe que había sido mostrado a la representación legal del peticionario en aquellos aspectos no confidenciales, por razón de seguridad.
Inconforme el peticionario solicitó reconsideración, que fue declarada no ha lugar. De ello recurre en el certiorari del epígrafe e imputa que:

"El Honorable Tribunal de Instancia violentó el Debido Proceso de Ley e incidió en abuso de discreción al denegar los beneficios de una sentencia suspendida, contraria a la recomendación del Oficial Probatorio y el acuerdo para la alegación de culpabilidad pre-acordada, a base de un alegado informe confidencial, sin permitir a las partes examinar o confrontar el referido documento."

Vía resolución del 6 de octubre de 1998 ordenamos a la Secretaría del Tribunal de Primera Instancia transcribir las constancias del acto de pronunciamiento de sentencia, con el propósito de entender con mejor precisión en el asunto y determinar respecto a la expedición del auto de certiorari.
Presentada la transcripción del acto de lectura de sentencia, procedemos a resolver.
Exposición y Análisis
Alega el peticionario que el Tribunal de Primera Instancia abusó de su discreción al denegarle los beneficios de una sentencia suspendida, sin tomar en consideración la recomendación del oficial probatorio y a la alegación preacordada. No tiene razón.
Como medida alterna a la pena de cárcel, la Ley de Sentencia Suspendida, Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1026 et seq., faculta al tribunal a suspender la ejecución de la sentencia y permitir al convicto de delito quedar en libertad durante todo o parte del término de la pena. Pueblo v. Molina Virola, 141 D.P.R. _ (1996), 96 J.T.S, 133, a la png. 200. Mediante la sentencia suspendida se pretende que el convicto viva una vida productiva en la sociedad, pero además, se contribuye a resolver el serio problema de hacinamiento carcelario. Pueblo v. Molina Virola, supra.
El convicto a quien se otorgue dicho beneficio quedará bajo la custodia legal del tribunal hasta la expiración del período fijado en su sentencia, véase 34 L.P.R.A. 6 1027a. El tribunal sentenciador prescribirá las condiciones para la suspensión de la sentencia y podrá ordenar el arresto del probando si éste las incumpliera. Id.
Los oficiales probatorios de la Administración de Corrección se encargarán de supervisar el fiel cumplimiento de las condiciones impuestas por el tribunal. Además, como parte del plan de supervisión, dirigido a la rehabilitación del probando y la protección de la comunidad, todo probando deberá someterse a un régimen disciplinario de vida y a un plan de tratamiento dispuesto por la Administración de Corrección. Véase 34 L.P.R.A. β 1028; Pueblo v. Contreras, 139 D.P.R. _ (1995), 95 J.T.S. 161, a la pág. 399, Pueblo v. Molina Virola, supra.
No obstante lo señalado, el disfrute de una sentencia suspendida sigue siendo un privilegio, no un derecho. Pueblo v. Laboy, 110 D.P.R. 164, 171 (1980); Pueblo v. Torres Rivera, 137 D.P.R. __ *1120 (1994), 94 J.T.S. 150, a la pág. 511; Pueblo v. Molina Virola, supra, a la pág. 201. Su concesión I descansa en la sana discreción del tribunal sentenciador y dicha determinación se presume correcta. Por lo tanto, los tribunales apelativos sólo intervendrán en aquellos casos en que el tribunal de instancia haya incurrido en un abuso de discreción al denegar o conceder los beneficios de sentencia suspendida. Pueblo v. Pérez Bernard, 99 D.P.R. 834, 839 (1971); Vázquez v. Caraballo, 114 D.P.R. 272, 275 (1983); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 210 (1990); Pueblo v. Contreras, supra, a la pág. 399.
El abuso de la discreción judicial se puede manifestar, entre otras maneras, cuando el juez no toma en cuenta un hecho importante y pertinente (material) que no podía ser pasado por alto, cuando el juez, por el contrario, concede gran peso y valor a un hecho irrelevante y basa su decisión exclusivamente en ello; o cuando, a pesar de considerar y tomar en cuenta todos los hechos importantes y pertinentes, luego los descarta o sopesa livianamente. Pueblo v. Ortega Santiago, supra, las págs. 211-212.
Al enfrentarse a una situación en que se debe decidir respecto a la concesión de los beneficios de una sentencia suspendida a un convicto de delito, los tribunales deben considerar las disposiciones de la Ley de Sentencia Suspendida, supra. Precisamente el Art. 2 de la Ley de Sentencia Suspendida, supra, 34 L.P.R.A. sec. 1027, dispone en lo pertinente, que:

"El Tribunal Superior podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato, robo, incesto, extorsión, violación, crimen contra natura, actos lascivos o impúdicos cuando la víctima fuere menor de 14 años, secuestro, escalamiento, incendio malicioso, sabotaje de servicios públicos esenciales, infracción a las sees. 415 y 416 del Título 25 en su modalidad de delito grave, 418 y 420 del propio título, o cualquier violación a las sees. 561 et seq. del Título 25, que constituya delito grave y cualquier delito grave que surja como consecuencia de la posesión o uso ilegal de explosivos o sustancias que puedan utilizarse para fabricar explosivos o detonadores, artefactos o mecanismos prohibidos por las referidas sees. 561 et seq. del Título 25, y podrá asimismo suspender los efectos de la sentencia que [se] hubiere dictado en todo caso de delito menos grave que surja de los mismos hechos o de la misma transacción que hubiere dado lugar, además, a sentencia por delito grave que no fuere de los excluidos de los beneficios de las secs. 1026 et seq. de este título, incluyendo el caso en que la persona haya sido declarada no culpable en dicho delito grave o rebajado dicho delito grave a delito menos grave y así convicta, y ordenará que la persona sentenciada quede en libertad a prueba siempre que al tiempo de imponer dicha sentencia concurran todos los requisitos que a continuación se enumeran:

(1) Que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada; y ala cual no se hubieren suspendido los efectos de una sentencia anterior por delito grave;

(2) que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;

(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad."

En el presente caso, el peticionario no ha demostrado que el tribunal apelado haya abusado de su discreción al no conceder los beneficios de sentencia suspendida. El mero hecho de que el informe pre-sentencia recomiende la concesión de sentencia suspendida no implica que el tribunal sentenciador esté obligado a concederla. Pueblo v. Emmanuelli, 67 D.P.R. 667 (1947); Pueblo v. *1121 Martínez Rivera, 99 D.P.R. 568, 575 (1971); Pueblo v. Esmurria Rosario, 117 D.P.R. 884 (1986); Pueblo v. Narváez Narváez, 122 D.P.R. 80, 92 (1988); Pueblo v. Ortega Santiago, supra, a la pág. 210.
De igual forma, en cuanto a la situación específica de la alegación pre-acordada, Regla 72 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. 11, R. 72. Aún cuando el tribunal de instancia acepte la alegación pre-acordada, no significa que está obligado a seguir las recomendaciones que le hagan las partes sobre la sentencia a imponer. El tribunal tiene discreción para imponer la sentencia que entienda procedente en derecho. Pueblo v. Mojica Cruz, 115 D.P.R. 569, 581 (1984); Pueblo v. Ortega Santiago, supra, a la pág. 211; Pueblo v. Dávila Barreto, 143 D.P.R. _ (1997); 97 J.T.S. 68, a la pág. 1007.
De conformidad a lo señalado, el peticionario no ha demostrado que el tribunal de instancia abusó en su discreción, al denegar al peticionario el beneficio de sentencia suspendida.
De otro lado, argumenta el peticionario que la determinación del tribunal se fundamentó en un alegado informe confidencial, el cual no tuvo oportunidad de examinar, siendo ello contrario a su derecho al debido proceso de ley.
Ciertamente, el acusado tiene derecho a conocer el informe pre-sentencia y a que se celebre una vista donde tenga oportunidad de controvertir los datos en él expuestos. Sin embargo, se mantendrá en estricta confidencialidad las fuentes de información a quienes se les haya ofrecido tal garantía. Pueblo v. Bou Nevárez, 111 D.P.R. 179, 187-188 (1981); Pueblo v Torres Estrada, 112 D.P.R. 307, 311 (1982). Precisamente, con el propósito de armonizar el derecho de acceso de las partes a tal información importante y también garantizar la confidencialidad de las fuentes de información del Estado y la seguridad de ciertos informantes, sin lo cual tales datos no se podrían obtener en primera instancia, lo que también pondría en jaque mate todo el proceso de sentencia suspendida. La Regla 162.1 de las de Procedimiento Criminal, en lo pertinente, dispone que:

"El tribunal dará acceso a los informes presentencia a los acusados o peticionarios, a sus abogados y al Ministerio Fiscal, a los fines de que éstos puedan ser controvertidos mediante la presentación de prueba.

Sólo se mantendrá como confidencial aquella información que hubiere sido prestada por personas particulares a quienes se les hubiere ofrecido dicha garantía." (Enfasis nuestro)
Un examen de la transcripción del acto de lectura de sentencia nos convence que el error no fue cometido. Veamos:

"SECRETARIA:

(La Secretaria llama el caso)

HON. JUEZ:

Pregunto a la compañera Orriola si ha tenido oportunidad de leer el informe pre-sentencia.

LCDA. ORRIOLA:

Sí, Honorable, tuve la oportunidad de leerlo y

HON. JUEZ:

Algún impedimento para que la dictemos?

LCDA. ORRIOLA:

Ninguno.

HON. JUEZ:

Douglas R. Mendoza Rodríguez, dígame si usted conoce alguna razón por la cual no deba ser hoy que se le dicte sentencia.

*1122
ACUSADO:

No hay problema.

HON. JUEZ:

Bien. El Tribunal está preparado para dictarle la sentencia. El Tribunal ha visto el informe. Además, el Tribunal anuncia que tiene un informe confidencial, el cual le ha mencionado las áreas que no son confidenciales a la compañera. La confidencialidad es a base de seguridad.

El Tribunal está preparado para dictar sentencia y le dicta sentencia de ocho años de cárcel para cumplir con relación al Artículo 406 y con relación al Artículo... Compañera, cuál sería la disposición en el 9?

LCDA. ORRIOLA:

Artículo 9 Ley de Armas, Honorable, y se archivaron otros del Artículo 9 de Armas.

HON. JUEZ:

Por eso, en cuanto al Artículo 9 que tenemos.

LCDA. ORRIOLA:

Inicialmente, eran tres cargos por Infracción al Artículo 9 de Ley de Armas. Se archivaron dos y quedó uno.

HON. JUEZ:

Quedó uno.

LCDA. ORRIOLA:

HON. JUEZ:

Por eso. Bien. El Tribunal, con relación al Artículo 9 le impone una pena de un año a cumplir, de forma concurrente, para una totalidad de ocho años de cárcel, sin costas. >
Don Douglas Mendoza, el Tribunal le dicta esa sentencia, primero; porque se negoció y ese era el número y, segundo; porque del informe surge que usted tenía en su casa, en donde se hizo un ; allanamiento, después de haber observado, suficientes sustancias controladas para la venta. Además, \ tenía las balas de un arma de alto calibre que se utiliza solamente para delitos en este país, como lo ; es el AR-15. Además, hay información de que usted tenía una organización criminal y debe cumplir cárcel por eso. Puede retirarse."
Como se desprende de lo anterior, el ilustrado foro de Instancia informó a la representación legal del peticionario respecto a la existencia del informe confidencial y también le permitió examinar aquellas i áreas del mismo que no eran confidenciales. El fundamento para mantener la confidencialidad era el S de la seguridad de los confidentes, conforme a lo válidamente pautado por el ordenamiento. Ello así, ¡ no incidió el foro sentenciador. Se confirmará la sentencia.
Dictamen
De conformidad a lo señalado, se confirma la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General